# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMAL DAMON HENDRIX,<br><br>            Plaintiff,<br><br>     v.<br><br>STATE OF NEVADA, et. al.,<br><br>            Defendants. | Case No. 3:15-cv-00460-MMD-WGC<br><br>**ORDER**<br><br>Re: ECF No. 14 |

On June 29, 2016, Plaintiff filed a document which he titled a Motion for Temporary Restraining Order and Order to Show Cause/Preliminary Injunction. (ECF No. 14.) The document, however, does not contain any substantive briefing in support of the requested relief, and instead is comprised only of a proposed order. For this reason, the motion is **DENIED WITHOUT PREJUDICE**.

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). Any motion for a preliminary injunction must establish the following:

(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000).

The standard for issuing a temporary restraining order is identical to the standard for preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co.*, *Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

**IT IS SO ORDERED.**

DATED: July 6, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE